PER CURIAM.
The petitioner seeks to invoke this Court’s certiorari jurisdiction to challenge the Department of Corrections’s recalculation of his maximum sentence expiration date following revocation of his conditional release supervision. The petitioner has not demonstrated that the circuit court departed from the essential requirements of the law by denying his petition for writ of mandamus and we therefore deny the petition on this ground.
However, the petitioner’s argument that the circuit court departed from the essential requirements of the law when it ordered a lien placed on his inmate trust account to pay the mandamus petition filing fee has merit. The petitioner’s challenge to the recalculation of his maximum sentence expiration date, which effectively lengthened his sentence, is a collateral criminal proceeding which thus exempts the petitioner from the Prisoner Indigency Statute. See Schmidt v. Crusoe, 878 So.2d 361, 367 (Fla.2004) (“It is clear that the Supreme Court has refused to be bound by the variations in terminology used in various challenges to the computation of an inmate’s sentence. Instead, it has looked to the effect the challenged action had on the amount of time an inmate has to actually spend in prison.”)
Accordingly, the petitioner’s petition is DENIED in part, GRANTED in part, and REMANDED with directions to remove the lien from the petitioner’s inmate trust account and to refund any funds removed from the account to pay the mandamus petition filing fee.
KAHN, LEWIS, and HAWKES, JJ., concur.